IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALTON D. BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRISON HEALTH SERVICES, INC., | : | NO. 12-3578 |
| et al. | : | |

## MEMORANDUM ORDER

AND NOW, this 21st day of February, 2013, upon consideration of plaintiff's unopposed Request for Additional Time to Serve Corrections Defendants, and for Order Requiring Marshal to Serve Same Defendants (Doc. 17) (the "Motion"), it is hereby

**ORDERED**

that the Motion is **GRANTED**.[1]

This case was filed by plaintiff, a prisoner presently incarcerated at the State Correctional Institution at Graterford, Pennsylvania, in the Court of Common Pleas of Montgomery County on May 3, 2012 ,alleging the denial of proper medical care and retaliation. While the case was pending in Montgomery County, plaintiff filed a Petition and Affidavit for Leave to Proceed In Forma Pauperis, which represented that he had no income and that he had not been employed since 1996. On May 10, 2012, the state court granted plaintiff's request for in forma pauperis status. On June 25, 2012, however, the case was removed to this court by certain defendants: Prison Health Services, Inc., Dr. Felipe Arias, Dr. Robert Blatt, Dr. M. Coachi, Dr.

---

[1] On February 8, 2008 plaintiff was granted permission to file an amended complaint on or before February 28, 2013. See Doc. 24. If plaintiff does file an amended complaint within that time period, plaintiff should include sufficient identifying information to allow the U.S. Marshals Service to serve defendants B. Marsh, Joseph C. Kosznik, Mike Wenerdwicz, Dorina Varner, Wendy Shaylor and Laurel Harry. If plaintiff does not file an amended complaint, service of the current Complaint shall be effected by the U.S. Marshals Service upon these defendants.

Richard Kosieroski, and Dr. Richard Stefanic (collectively, the "Medical Defendants"). See Doc. 1. Before the case was removed, plaintiff had not yet served the remaining defendants: B. Marsh, Joseph C. Kosznik, Mike Wenerdwicz, Dorina Varner, Wendy Shaylor and Laurel Harry (collectively, the "Corrections Defendants"). By Order dated August 8, 2012, this court ordered the Clerk to issue summons to the Corrections Defendants, but ordered plaintiff to serve the Corrections Defendants in accordance with the Federal Rules of Civil Procedure (citing 28 U.S.C. § 1448 (2006)). (Doc. 7.) Plaintiff subsequently requested the court for an order requiring the U.S. Marshals Service to serve process on the Corrections Defendants because he is indigent and unable to pay the cost of such service, noting that he had been granted in forma pauperis status in the state court prior to removal. (Doc. 8.) Plaintiff's request was denied and he was ordered to serve the Corrections Defendants by November 13, 2012. (Doc. 10.)

On December 13, 2012, plaintiff filed the instant Motion, seeking additional time to serve the Corrections Defendants, requesting the court to "uphold the Common Pleas grant of in forma pauperis status," and requiring the U.S. Marshals Service to issue summons to the Corrections Defendants. (Mot. at 1.)

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who seek to bring a civil action or file an appeal in forma pauperis. Furthermore, the PLRA provides that a prisoner may not bring a civil action if, while incarcerated, the prisoner has brought three or more actions that were dismissed as frivolous or malicious, or which fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

2

A review of the court's Electronic Case Filing system shows that plaintiff has filed at least nineteen actions in the Eastern District of Pennsylvania since 1998. Moreover, plaintiff has had at least three prior actions dismissed either as frivolous or for failure to state a claim upon which relief can be granted. See Brown v. Beard, 492 F. Supp.2d 474, 476-77 (E.D. Pa. 2007) (listing cases brought by plaintiff that were dismissed for being frivolous, brought in bad faith, or failing to state a claim).

However, as noted above, even if a plaintiff has had at least three prior actions dismissed under the "three strikes" rule, a plaintiff may be entitled to proceed in forma pauperis under the "imminent danger" exception to the three strikes rule. To show imminent danger, a prisoner must show the danger is imminent at the time he files his complaint. "Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) . . . ." Abdul–Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). The Third Circuit Court of Appeals recently reversed the district court's denial of in forma pauperis status in a separate case filed by plaintiff in the Eastern District of Pennsylvania, reasoning that some of the claims presented by plaintiff in that case invoked the imminent danger exception to the three strikes rule. See Civ. Action No. 10-3453, Doc. 16 (Order filed Jan. 24, 2013). See also Brown v. Sec'y Pennsylvania Dept. of Corr., 486 Fed. Appx. 299 (3d Cir. 2012) (not precedential) (acknowledging Brown's extensive history of litigation, but remanding case and directing district court to grant Brown in forma pauperis status because Brown had sufficiently alleged imminent danger in that case).

Similarly, in the case at bar, for purposes of determining whether plaintiff has met the threshold pleading requirement to proceed in forma pauperis, plaintiff's Complaint contains

3

sufficient allegations of imminent danger. At the time of the filing of his Complaint, plaintiff reported that he was a fifty-six year old, African-American male who is experiencing prostate problems. (Compl. ¶ 7, 22-23.) Plaintiff claims that he had an "elevated very high" PSA test result on January 6, 2011 and has demonstrated other physical symptoms of prostate cancer. Id. ¶ 7. After receiving the PSA test results, plaintiff claims that prison medical staff gave him the option of undergoing a digital rectal examination or a biopsy to diagnose his condition, but that he needed additional time to decide which method of further testing to which he would consent. Id. ¶¶ 9-14.

However, plaintiff claims that prison officials are failing to provide adequate medical care in retaliation for the numerous grievances and lawsuits plaintiff has filed against them. Id. ¶¶ 30, 43, 45, 48-52, 54. For example, plaintiff alleges that from 2006 to 2009, defendants failed to conduct the prostate screening tests required by Department of Corrections policy and that defendants have falsely accused plaintiff of refusing such tests. Id. ¶ 61(b). Plaintiff further claims that defendants have falsely accused plaintiff of refusing diagnosis and treatment on numerous occasions, including in 2010 and 2011. See id. ¶ 61(c). Plaintiff also avers that defendants have refused plaintiff's "attempts to have an MRI (Magnetic Resonance Imaging) or related test." Id. ¶ 61(d). In addition, plaintiff claims that the prison staff "sabotages" his medical appointments, then falsely accuses plaintiff of refusing treatment. Id. ¶ 61(e). For example, plaintiff alleges that he was scheduled for a biopsy in May 2011, but that the biopsy has never been taken. Id. ¶ 61(h), (i). Plaintiff also alleges that a follow-up PSA test has not been conducted to determine whether the elevated 2011 score has risen further. Id. ¶ 61(k). Plaintiff claims that defendants "have at all times demonstrated deliberate indifference to

plaintiff's urgent need to have his prostate problems diagnosed and treated" and details his ongoing physical problems with his prostate, kidneys and bladder. Id. ¶¶ 62, 69-74.

Accordingly, plaintiff's claims sufficiently invoke the imminent danger exception to the three strikes rule and plaintiff may proceed in forma pauperis.

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge