IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALTON D. BROWN                  :            CIVIL ACTION
                                :
        v.                      :
                                :
PRISON HEALTH                   :
SERVICES, INC., et al.          :            NO. 12-3578


REPORT AND RECOMMENDATION

THOMAS J. RUETER                                March 15, 2013
United States Magistrate Judge


        Presently before the court is the motion for a temporary restraining order and

preliminary injunction filed by plaintiff, a prisoner currently incarcerated at the State

Correctional Institution at Graterford, Pennsylvania, on March 11, 2013 (Doc. 29) (the "Motion

for Injunctive Relief") and defendants'[1] response thereto (Doc. 30).  Also before the court are

plaintiff's request for an extension of time to file an Amended Complaint (Doc. 28) ("Request for

an Extension of Time") and the Medical Defendants' Motion to Dismiss (Doc. 3).  For the

reasons explained below, the court respectfully recommends that: (1) the district court direct

_____

        [1]        This case was filed in the Court of Common Pleas of Montgomery County on
May 3, 2012, alleging the denial of proper medical care and retaliation.  While the case was
pending in Montgomery County, plaintiff filed a Petition and Affidavit for Leave to Proceed In
Forma Pauperis, which represented that he had no income and that he had not been employed
since 1996.  On May 10, 2012, the state court granted plaintiff's request for in forma pauperis
status.  On June 25, 2012, however, the case was removed to this court by certain defendants:
Prison Health Services, Inc., Dr. Felipe Arias, Dr. Robert Blatt, Dr. M. Coachi, Dr. Richard
Kosieroski, and Dr. Richard Stefanic (collectively, the "Medical Defendants").  See Doc. 1.
Before the case was removed, plaintiff had not yet served the remaining defendants: B. Marsh,
Joseph C. Kosznik, Mike Wenerdwicz, Dorina Varner, Wendy Shaylor and Laurel Harry
(collectively, the "Corrections Defendants").  By Order dated February 21, 2013 (Doc. 27), the
undersigned granted plaintiff's request to proceed in forma pauperis.

prison officials to make the necessary arrangements to honor plaintiff's request for a medical examination to address his prostate and urinary tract/kidney problems; (2) the Motion for Injunctive Relief be denied in light of the foregoing recommendation; (3) plaintiff's Request for an Extension of Time to file an amended complaint be denied without prejudice to plaintiff's right to file an amended complaint after plaintiff's medical examination; and (4) the Medical Defendants' Motion to Dismiss be held in abeyance until plaintiff's medical examination has been completed.

## I.  DISCUSSION

At the time of the filing of his complaint,[2] plaintiff reported that he was a fifty-six year old, African-American male who is experiencing prostate problems.  (Compl. ¶ 7, 22-23.) Plaintiff claims that he had an "elevated very high" PSA test result on January 6, 2011 and has demonstrated other physical symptoms of prostate cancer.  Id. ¶ 7.  After receiving the PSA test results, plaintiff claims that prison medical staff gave him the option of undergoing a digital rectal examination or a biopsy to diagnose his condition, but that he needed additional time to decide which method of further testing to which he would consent.  Id. ¶¶ 9-14.

However, plaintiff claims that prison officials are failing to provide adequate medical care in retaliation for the numerous grievances and lawsuits plaintiff has filed against them.  Id. ¶¶ 30, 43, 45, 48-52, 54.  For example, plaintiff alleges that from 2006 to 2009, defendants failed to conduct the prostate screening tests required by Department of Corrections policy and that defendants have falsely accused plaintiff of refusing such tests.  Id. ¶ 61(b). Plaintiff further claims that defendants have falsely accused plaintiff of refusing diagnosis and

---

[2]     Plaintiff has since sought to amend his complaint.  See Docs. 21 and 28.

treatment on numerous occasions, including in 2010 and 2011. See id. ¶ 61(c). Plaintiff also

avers that defendants have refused plaintiff's "attempts to have an MRI (Magnetic Resonance

Imaging) or related test." Id. ¶ 61(d). In addition, plaintiff claims that the prison staff

"sabotages" his medical appointments, then falsely accuses plaintiff of refusing treatment. Id. ¶

61(e). For example, plaintiff alleges that he was scheduled for a biopsy in May 2011, but that the

biopsy has never been taken. Id. ¶ 61(h), (i). Plaintiff also alleges that a follow-up PSA test has

not been conducted to determine whether the elevated 2011 score has risen further. Id. ¶ 61(k).

In his complaint, plaintiff claims that defendants "have at all times demonstrated deliberate

indifference to plaintiff's urgent need to have his prostate problems diagnosed and treated" and

details his ongoing physical problems with his prostate, kidneys and bladder. Id. ¶¶ 62, 69-74.

On July 5, 2012, the Medical Defendants filed a Motion to Dismiss plaintiff's

complaint, arguing that plaintiff's claim is merely a disagreement as to the appropriate choice of

medical treatment. Specifically, the Medical Defendants contend that plaintiff wants only an

MRI. Two other diagnostic options were presented to plaintiff. See Mem. of Law in support of

Mot. to Dismiss (Doc. 4). The Medical Defendants further aver that they have not conspired

pursuant to a retaliation policy to deny and/or delay medical care for plaintiff.

In his Motion for Injunctive Relief filed on March 12, 2013, plaintiff contends

that he "is being denied diagnosis and treatment for various serious medical conditions, including

urinary tract/kidney infection and prostate illness in retaliation because of his grievance filings

and civil action against prison staff." (Mem. of Law in Supp. of Pl.'s Mot. for Inj. Relief at 1.)[3]

---

[3]     It appears from his submissions to this court that plaintiff filed numerous
grievances with the prison system in January and February 2013 concerning his most recent
allegations of lack of appropriate medical care. See Decl. in Supp. of Pl.'s Mot. for Inj. Relief at

Plaintiff claims that he "is increasingly experiencing chills, fever, pain on urination, frequency, and possibly edema, which are kidney disorders caused by the swollen prostate preventing urine from flowing optimally, resulting into it backing up into the kidneys." (Decl. in Supp. of Pl.'s Mot. for Inj. Relief at ¶ 1.) According to plaintiff, he "experienced another episode" of these symptoms "starting on January 20, 2013, and it took him four (4) days of intensed [sic] pain and suffering before he finally obtained relief after being provided the antibiotic Cipro." Id. ¶ 5. Plaintiff alleges that prison medical staff, who do not appear to be named defendants in the present action, delayed in providing medical treatment to plaintiff in order to punish plaintiff for his history of litigation against prison staff. Id. ¶¶ 6-12. Thus, plaintiff alleges that requests for medical treatment in January and February 2013 were ignored or delayed. See id. ¶ 19(a)-(g). Plaintiff also claims that the symptoms of an infection returned on March 3, 2013. Id. ¶ 18. In addition, similar to the allegations presented in his Complaint concerning the inadequate diagnosis and treatment of potential prostate issues, in his Motion for Injunctive Relief plaintiff avers that the prison staff falsely claimed that plaintiff refused to attend medical appointments in January and February 2013.

Based on a review of the record, including plaintiff's Motion for Injunctive Relief and the Medical Defendants' response thereto, it is unclear to the court to what extent plaintiff has received medical attention for the diagnosis and treatment of prostate problems and urinary tract and/or kidney ailments. Therefore, the court recommends that the district court direct prison officials to make the necessary arrangements to have plaintiff examined by a physician, to be chosen by the prison medical staff, who is best suited to address plaintiff's present medical

_____

¶¶ 12-13, 19(b), 19(c), 19(d), 19(e), and 19(g).

4

needs.  The court makes such recommendation <u>not</u> based on a finding that prison officials have failed to provide plaintiff with adequate medical care.  Rather, in the interests of justice and judicial economy, all parties involved in this matter would be best served if plaintiff were to be examined forthwith by the appropriate medical professional.

In light of the foregoing recommendation, the court further recommends that plaintiff's Motion for Injunctive Relief (Doc. 29) be denied as moot.  Moreover, the court recommends that plaintiff's Request for an Extension of Time to file an amended complaint (Doc. 28) be denied without prejudice to plaintiff's right to request such an extension at a later time, should his claims remain after the recommended medical examination.  In addition, the court recommends that the Motion to Dismiss filed by the Medical Defendants (Doc. 3) be held in abeyance until the parties have advised the court of the status of the case after plaintiff's medical examination.

## II.     CONCLUSION

Accordingly, for all the above reasons, the court makes the following:

### RECOMMENDATION

AND NOW, this 15th day of March, 2013, the court respectfully recommends that:

(1) the district court direct prison officials to make arrangements to have plaintiff examined by a physician, to be chosen by the prison medical staff, who is best suited to address plaintiff's present medical needs;

(2) plaintiff's Motion for Injunctive Relief (Doc. 29) be denied as moot, in light of the foregoing recommended medical examination;

(3) plaintiff's Request for an Extension of Time to file an amended complaint (Doc. 28) be denied without prejudice to plaintiff's right to request such an extension at a later time, should his claims remain after the recommended medical examination; and

(4) the Motion to Dismiss filed by the Medical Defendants (Doc. 3) be held in abeyance until the parties have advised the undersigned of the status of the case after plaintiff's medical examination.

The parties may file objections to the Report and Recommendation.  <u>See</u> Loc. R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.


BY THE COURT:


__/s/ Thomas  J. Rueter_____
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALTON D. BROWN               :              CIVIL ACTION
                                    :
       v.                    :
                                    :
PRISON HEALTH              :
SERVICES, INC., et al.        :            NO. 12-3578

**O R D E R**

AND NOW, this    day of             , 2013, upon careful and independent

consideration of the pleadings and record herein, and after review of the Report and

Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

1.     The Report and Recommendation is **APPROVED** and **ADOPTED**.

2.     Within ten (10) days of the date of this Order, prison officials shall make

arrangements to have plaintiff examined by a physician, to be chosen by the prison medical staff,

who is best suited to address plaintiff's present medical needs. The parties shall report to the

Honorable Thomas J. Rueter, United States Magistrate Judge, concerning the status of the case

within ten (10) days of the date of the medical examination.

3.     Plaintiff's Motion for Injunctive Relief (Doc. 29) is **DENIED AS MOOT**,

in light of the foregoing medical examination.

4.     Plaintiff's Request for an Extension of Time to file an amended complaint

(Doc. 28) is **DENIED WITHOUT PREJUDICE** to plaintiff's right to request such an extension

at a later time, should his claims remain after the ordered medical examination; and

5.     The Motion to Dismiss filed by the Medical Defendants (Doc. 3) shall be

held in abeyance until the parties have advised Judge Rueter of the status of the case after

plaintiff's medical examination.

BY THE COURT:

_____

EDUARDO C. ROBRENO,        J.