```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALTON BROWN,                       :    CIVIL ACTION
                                   :    NO. 12-3578
          Plaintiff,               :
                                   :
     v.                            :
                                   :
PRISON HEALTH SERVICES, et al.,    :
                                   :
          Defendants.              :
```

**O R D E R**

**AND NOW**, this **19th** day of **November, 2013**, after careful and independent consideration of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (ECF No. 60) and Plaintiff's objections thereto (ECF No. 89),[1] it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED**;

(2) Plaintiff's objections to the Report and Recommendation are **OVERRULED**;[2]

---

[1] The Court undertakes a de novo review of the portions of the Report and Recommendation to which a party has objected. See 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[2] Magistrate Judge Rueter recommends that Plaintiff's claims against the Medical Defendants be dismissed under Federal

Rule of Civil Procedure 12(b)(6) because: (1) Plaintiff has failed to state a claim of deliberate indifference to a serious medical need; (2) Plaintiff has not set forth any facts to show that the Medical Defendants entered into an agreement, and so cannot succeed on his conspiracy claims; and (3) Plaintiff has not alleged that any Medical Defendant had the control over prison officials necessary to support a retaliation claim based on a theory of bystander liability.  Report & Recommendation 13, 16-18, ECF No. 60.  Magistrate Judge Rueter also recommends that, because Plaintiff cannot succeed on his federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Id. at 18.

        Plaintiff objects to each of Magistrate Judge Rueter's recommendations, and he further contends that several of the allegations in the Complaint were ignored entirely.  First and foremost, Plaintiff disagrees with Magistrate Judge Rueter's characterization of his deliberate indifference claims.  He argues that the Report and Recommendation erroneously describes his medical claims as allegations of mere dissatisfaction with his care and desire for greater choice of medical providers.  Objections 7-9.  But at the same time, Plaintiff reinforces those very descriptions, stating in his objections that the Medical Defendants demonstrated deliberate indifference by "telling Plaintiff it's their way [or] the highway."  Id. at 10.  Indeed, Plaintiff acknowledges that he was given various diagnostic and treatment options for his prostate problems; he just contends that those options are unacceptable to him because he is afraid of receiving care from any physician affiliated with Defendants.  See id. at 11.

        But Plaintiff's explanations for why he rejected the various options he was offered do not render Defendants' conduct unconstitutional.  Presumably most patients who reject a physician's proposed treatment could provide some explanation for their conduct, and, in many instances, that explanation might be fear of possible harmful effects of the proposed treatment.  The constitutional inquiry, however, is not whether a plaintiff's rejection of or disagreement with a course of treatment is valid or reasonable.  Rather, as Magistrate Judge Rueter explained, "[a] defendant exhibits ... deliberate indifference," and thus violates the Eighth Amendment, "if he 'knows of and disregards an excessive risk to inmate health or

safety.'"  Report & Recommendation 11 (quoting <u>Natale v. Camden Cnty. Corr. Facility</u>, 318 F.3d 575, 582 (3d Cir. 2002)).  The allegations in Plaintiff's Complaint do not suggest that the Medical Defendants knowingly disregarded a substantial risk to Plaintiff's health, and thus Plaintiff has not stated a plausible claim that the Medical Defendants violated his rights under the Eighth Amendment.  His objections to the characterization and treatment of his deliberate indifference claims are therefore overruled.

      Plaintiff's second objection to the Report and Recommendation is that it inaccurately concludes that the "Complaint does not set forth any facts to show that the Medical Defendants entered into an agreement to deprive plaintiff of his constitutional rights."  <u>Id.</u> at 16; <u>see also</u> Objections 11-12.  Having reviewed Plaintiff's Complaint, however, the Court agrees with Magistrate Judge Rueter that Plaintiff "merely makes conclusory allegations" of agreement and conspiracy, "which are insufficient to state a claim upon which relief can be granted."  Report & Recommendation 16.  His second objection is therefore also overruled.

      Next, Plaintiff objects to the recommended dismissal of his retaliation claims, arguing that Magistrate Judge Rueter addresses those claims only under a theory of bystander liability, not the theory of direct liability that Plaintiff asserts in his Complaint. Objections 13.  But, to the extent Plaintiff alleges that the Medical Defendants directly retaliated against him for his filing of grievances and lawsuits by interfering with his medical care, that claim also fails.  As Plaintiff rightly notes (<u>id.</u> at 13-14), a prisoner litigating a retaliation claim must show that: (1) "the conduct which led to the alleged retaliation was constitutionally protected"; (2) "he suffered some 'adverse action' at the hands of the prison officials"; and (3) there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him."  <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001).  Here, Plaintiff has not pleaded any facts that might suggest a causal connection between the alleged adverse action (his allegedly inadequate medical care) and the constitutionally protected activity (exercising his right of access to the courts).  Furthermore, it is questionable whether he has even alleged an adverse action; as discussed above, Plaintiff's

3

complaint is that the Medical Defendants did not offer him treatment options that he was willing to accept, which hardly seems like an action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Rauser, 241 F.3d at 333.

Finally, Plaintiff contends that Magistrate Judge Rueter ignored his claims regarding (1) the Medical Defendants' alleged refusal to provide medical information necessary for him to make informed decisions (Objections 15); (2) their "maliciously" false statement that Plaintiff refused medical care (id. at 16); and (3) Defendants' delays in providing care (id.). The Court disagrees that those claims were ignored. The Report and Recommendation specifically explains that Plaintiff's "lengthy" Complaint includes numerous allegations, which "are centered on his desire to select a diagnostic tool and to have greater control over the selection of a medical provider." Report & Recommendations 13. In other words, Magistrate Judge Rueter properly focused on the gravamen of Plaintiff's Complaint after considering Plaintiff's myriad factual and legal allegations.

In any event, the specific allegations that Plaintiff says were ignored fail to state a claim for relief. First, a prison doctor's decision to deny medical information potentially violates the Constitution only if the denial constitutes "a substantial departure from accepted professional judgment, practice or standards," White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990), and Plaintiff has not alleged that there has been such a substantial departure here. Second, even if Defendants' claim that Plaintiff refused medical treatment were false, a false statement alone does not support a claim of deliberate indifference where, as here, Plaintiff admits that he was offered multiple treatment options. Cf. Hughes v. Joliet Corr. Ctr., 931 F.2d 425, 428 (7th Cir. 1991) (concluding that a prisoner stated a claim of deliberate indifference by alleging a combination of "words and deeds" that "suggest hostility, brutality, even viciousness"). Similarly, a delay in medical treatment is also insufficient, under the circumstances, to support a claim of deliberate indifference. See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987) (explaining that delays in medical treatment "for non-medical reasons" can support a deliberate indifference claim

    (3) The Medical Defendants' Motion to Dismiss pursuant to Rule 41(b) (ECF No. 45) is **DENIED**;

    (4) The Medical Defendants' renewed Motion to Dismiss pursuant to Rule 12(b)(6) is **GRANTED**;

    (5)  Plaintiff's Motion to Compel Discovery (ECF No. 37), Motion for Discovery Hearing and Sanctions (ECF No. 40), Motion to Strike (ECF No. 41), and Request for a Court Order (ECF No. 53) are all **DENIED AS MOOT**;

    **AND IT IS SO ORDERED.**

          **/s/ Eduardo C. Robreno**
          **EDUARDO C. ROBRENO,    J.**

---

when the delay "exposes the inmate to undue suffering or the threat of tangible residual injury" (internal quotation marks omitted)).

  For all of these reasons, Plaintiff's objections to the Report and Recommendation of Magistrate Judge Rueter are overruled.